UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AKO K. BURRELL,

                              Plaintiff,

   v.                                                          9:22-CV-344
                                                                           (GLS/ATB)

CENTRAL NEW YORK PSYCHIATRIC
CENTER, et al.,

                              Defendants.

---

AKO K. BURRELL, Plaintiff pro se
MARK G. MITCHELL, Asst. Attorney General, for Named Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

In the relevant portions of this civil rights complaint, plaintiff alleges various constitutional violations committed by defendants while he was incarcerated at Clinton Correctional Facility ("Clinton CF"). (Complaint ("Compl.")) (Dkt. No. 1). Presently before the court is a motion filed by defendants McIntosh, Webb, LeClair, Liberty, Rodier, Corrow, Lashway, Holland, Kinter, Wilson, Whitehurst, Rogers, and DeCoteau for summary judgment pursuant to Fed. R. Civ. P. 56 for failure to exhaust administrative remedies, and, alternatively, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 20). Plaintiff has filed a response in opposition to the motion, and defendants have filed a reply. (Dkt. Nos. 34, 38). For the following reasons, this court agrees with the moving defendants and will recommend summary judgment dismissing the complaint as against them, based on plaintiff's failure to exhaust his administrative

remedies.[1]

## DISCUSSION

I. **Complaint**

Plaintiff's complaint is fifty-six pages in length and contains 178 paragraphs. (*See generally,* Compl.). Pursuant to the Honorable Judge Gary L. Sharpe's June 21, 2022 decision and order, plaintiff's First, Eighth, and Fourteenth Amendment claims against seventeen different defendants survived initial review pursuant to 28 U.S.C. § 1915. (Dkt. No. 7). At this juncture, it is not necessary for the court to provide an in-depth recitation of plaintiff's lengthy, and disorganized, factual allegations. For purposes of this recommendation it is sufficient to note that the events giving rise to plaintiff's claims occurred between March 7, 2022 and April 1, 2022, while plaintiff was incarcerated at Clinton CF. (*See generally,* Compl.). To the extent that additional facts pertaining to plaintiff's exhaustion of his legal remedies are relevant to the pending motion, I will discuss them during my analysis.

II. **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit

---

[1] Should the district court accept this report-recommendation and grant the moving defendants' motion for summary judgment, the remaining claims would include plaintiff's First and Eighth Amendment causes of action against defendants Cleveland, LaValley, BelAir, and Jane Doe, which survived initial review and were not challenged in the pending dispositive motion. (*See generally,* Compl.; Dkt. No. 7).

under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

### III. Exhaustion of Administrative Remedies

#### A. Legal Standards

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the

subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004), (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002)), abrogated on other grounds by *Ross v. Blake*, 578 U.S. 632 (2016). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

In order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *Woodford,* 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Incarcerated[2] Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Incarcerated[3] Grievance Program ("IGP") encourage the inmate to

---

[2] This committee was formerly known as the "Inmate Grievance Resolution Committee," but has recently been renamed.

[3] The program was formerly known as the "Inmate Grievance Program," but has recently been renamed.

"resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility). There is also a special section for complaints of harassment. *Id*. § 701.8. Complaints of harassment are handled by an expedited procedure which provides that such grievances are forwarded directly to the Superintendent of the facility, after which the inmate must appeal any negative determination to the CORC. *Id.* §§ 701.8(h) & (I), 701.5.

Prior to *Ross v. Blake, supra*, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

In *Ross*, the Supreme Court made it clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, 578 U.S. 632, 640 (2016). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, 578 U.S. at 639). Although *Ross* has eliminated the "special circumstances" exception, the other two factors in *Hemphill* – availability and estoppel – are still valid. The court in *Ross* referred to "availability" as a "textual

5

exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, 578 U.S. at 642. Courts evaluating whether an inmate has exhausted his or her administrative remedies must also consider whether those remedies were "available" to the inmate. *Id.*; *see also Riles*, 2016 WL 4572321 at *2.

B.   **Analysis**

The moving defendants argue that summary judgment is warranted as against them, because no genuine issue of material fact exists concerning plaintiff's failure to exhaust his administrative remedies.[4] As previously set forth, plaintiff's surviving claims arise from events which took place at Clinton CF in March and April of 2022. Plaintiff commenced this § 1983 action by the filing of his complaint on April 12, 2022.

In support of their argument that plaintiff failed to exhaust his administrative remedies pursuant to the IGP with respect to his First and Eighth Amendment claims against Corrow, Lashway, Holland, Rodier, Wilson, Whitehurst, Kinter, Liberty, McIntosh, LeClair, Rogers, and DeCoteau (Def. MOL at 7) (Dkt. No. 20-7), defendants rely on the declaration of Rachael Seguin, the Director of the IGP with the New York State Department of Corrections and Community Supervision ("DOCCS"), as well as the exhibits accompanying her declaration (Declaration of Rachael Seguin ("Seguin

---

[4]Although the court usually requires some limited discovery be conducted before granting summary judgment in the PLRA context, discovery is not necessary when, as here, "the facts regarding plaintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome." *Cossette v. Edwards*, No. 20-CV-6427, 2022 WL 2342478, at *8 (S.D.N.Y. June 29, 2022) (quoting *Gottesfeld v. Anderson*, 18 Civ. 10836, 2020 WL 1082590, at *7 (S.D.N.Y. Mar. 6, 2020)).

Decl.""))(Dkt. No. 20-1). According to Director Seguin, her review of the relevant DOCCS records reflects that on March 25, 2022, plaintiff filed grievance No. CL-0236-22 concerning allegations that, on March 20, 2022, a correctional officer "slammed his forearm by a tray slot and a cell shield was rammed into his left thumb." (Seguin Decl. ¶ 14, Exs. A, B). Plaintiff received the Superintendent's decision concerning grievance No. CL-0236-22 on or about May 13, 2022, which he subsequently appealed to CORC on or about May 20, 2022. (*Id.* Ex. B).

The DOCCS records further reflect that on April 5, 2022, plaintiff filed grievance No. CL-0268-22 concerning allegations that on March 23, 2022, a sergeant "threatened him while being escorted to medical and while at medical." (Seguin Decl. ¶ 14, Exs. A, B). Plaintiff received the Superintendent's decision concerning grievance No. CL-0268-22 on or about May 13, 2022, which he subsequently appealed to CORC on or about May 20, 2022. (*Id.* Ex. B).

There is no appeal on file at CORC for plaintiff related to any other issue identified in the complaint. (*Id.* ¶ 15). The records do reflect, however, that plaintiff filed a total of at least thirteen grievances in March and April of 2022 while confined to Clinton CF, each of which was appealed to and received by CORC. (*Id.* Ex. A).

Defendants have met their burden in establishing that no genuine issue of material fact exists concerning plaintiff's failure to exhaust his administrative remedies with respect to events giving rise to his First and Eighth Amendment claims involving the moving defendants in March and April of 2022. Indeed, the timing of plaintiff's allegations alone render it "implausible that [he] was able to exhaust his administrative

7

remedies before commencing this action" in April 2022. *Cohen v. Welch*, No. 9:16-CV-00593 (FJS/TWD), 2017 WL 3311244, at *5 (N.D.N.Y. July 11, 2017), *report and recommendation adopted*, 2017 WL 3309713 (N.D.N.Y. Aug. 2, 2017) (citing *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 581-82 (S.D.N.Y. 2015) (dismissing complaint for failure to exhaust where plaintiff commenced action ten days after alleged incidents occurred); *Perez v. City of New York*, No. 14 Civ. 07502, 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015) (dismissing action where complaint was signed one week after the events in question allegedly occurred); *Price v. City of New York*, No. 11 Civ. 6170, 2012 WL 3798227, at *3 (S.D.N.Y. Aug. 30, 2012) (granting motion to dismiss where it would have been impossible for the plaintiff to have exhausted his administrative remedies in the twenty-one days between the alleged incident and the filing of his initial complaint).

The DOCCS records produced by defendants highlight the impossibility of plaintiff's timely exhaustion before he filed this action. Even assuming that grievance Nos. CL-0236-22 and CL-0268-22 complained of some, if not all, of the events giving rise to the claims against the named defendants, plaintiff did not appeal to CORC until May 20, 2022, more than a month after he filed the complaint in this matter. Even if, as it appears, plaintiff completed the exhaustion process after he filed this federal action, the court is still constrained to recommend dismissal for failure to exhaust. The entire appeals process must be completed prior to filing.[5] *See Casey v. Brockley*, No.

---

[5] The Second Circuit has recently clarified that "an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations." *Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020). Although the *Hayes* court made clear that a plaintiff "need not wait indefinitely after the agency fails to follow its

8

9:13-CV-1271, 2015 WL 8008728, at *5 (N.D.N.Y. Nov. 9, 2015) (citing *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (subsequent exhaustion after suit is filed is insufficient), *overruled on other grounds, Porter v. Nussle*, 534 U.S. 516 (2002)).

Plaintiff has also asserted Fourteenth Amendment due process claims against defendant Webb with respect to two disciplinary hearings:

> (1) the "Third Hearing," which concluded on March 31, 2022, based on a "report written by Defendant Kinter," and resulted in sanctions including 365 days in the SHU. (Dkt. No. 7 at pp. 33-34, 37-38; Compl. at pp. 36-38, ¶¶ 121-125); and

> (2) the "Fourth Hearing," which took place on or about April 1, 2022, based on a "report written by Defendant Corrow . . . for an incident dated on March 23, 2022" and resulted in sanctions including 180 days in the SHU. (Dkt. No. 7 at pp. 33-34, 37-38; Compl. at pp. 34-35, ¶¶ 117-120).

(Def. MOL at 9-10). The defendants argue that these claims are also subject to dismissal, because plaintiff failed to exhaust his administrative remedies via the administrative appeals process prior to bringing suit.

"When a plaintiff presents a claim arising 'directly out of a disciplinary or administrative segregation hearing . . . (e.g., a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process, not by filing a separate grievance instead of or in

---

own deadline at the final stage of appeal, he must actually wait for that deadline to expire before filing suit." 976 F.3d at 271. Accordingly, even if plaintiff in this case has received a decision from CORC regarding grievance Nos. CL-0236-22 and CL-0268-22 since filing the instant lawsuit, he has not satisfied the PLRA's requirement and dismissal is nevertheless warranted. *See Scott v. Uhler*, No. 16-CV-403, 2019 WL 5197139, at *5 (N.D.N.Y. July 31, 2019) ("Receiving a decision from CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit, and any such action must be dismissed without prejudice").

9

addition to his ordinary appeal.'" *Grubbs v. Serrell*, No. 9:14-CV-0467 (MAD/CFH), 2018 WL 1175232, at *2 (N.D.N.Y. Mar. 6, 2018) (quoting *Sweet v. Wende Corr. Facility*, 514 F. Supp. 2d 411, 413 (W.D.N.Y. 2007)). Nevertheless, a plaintiff is required to exhaust the administrative appeals process, through to and including a decision on his administrative appeals, before commencing a federal action. *See, e.g., Russell v. Young,* No. 18-CV-6209, 2021 WL 2075436, at *5 (W.D.N.Y. May 24, 2021); *see also Campbell v. Annucci*, No. 19-CV-6843, 2021 WL 3472387, at *4 (W.D.N.Y. Aug. 6, 2021), *appeal dismissed*, No. 21-2017, 2022 WL 4394716 (2d Cir. Mar. 2, 2022) ("Pursuant to § 253 and § 254 of title 7 of the NYCRR, a prisoner exhausts the administrative appeals process after he appeals the Superintendent's Hearing disposition to the DOCCS Central Office Review Committee. Therefore, the Court finds that Campbell had exhausted his administrative appeal as of January 4, 2016, when Defendant Venettozzi denied Plaintiff's appeal of the Superintendent's Hearing on behalf of DOCCS.").

Defendants have met their burden in establishing that plaintiff failed to exhaust the administrative appeals process prior to bringing his Fourteenth Amendment claims against Webb. The DOCCS records submitted by the defendants establish that plaintiff received a decision from his administrative appeal of the "Third Hearing" on May 16, 2022. (Declaration of Mark G. Mitchell ("Mitchell Decl.") Ex. 1)(Dkt. No. 20-5 at CM/ECF p. 3). Plaintiff received a decision from his administrative appeal of the "Fourth Hearing" on May 9, 2022. (*Id.* Ex. 2) (Dkt. No. 20-6 at CM/ECF p. 3). Inasmuch as plaintiff commenced this action on April 12, 2022, he failed to exhaust his

10

procedural due process claims against defendant Webb.[6]

Plaintiff has responded in opposition to the moving defendants' application for summary judgment. (Dkt. No. 34). Plaintiff argues that his failure to exhaust should be excused because, among other things, he expected that using the grievance procedure would not lead to a favorable outcome, and he was "scared" to utilize the grievance procedure. (*Id.* at CM/ECF pp. 17-19). Plaintiff's contentions are insufficient to defeat defendants' motion for summary judgment. *See White v. Velie*, 709 Fed. App'x 35, 38-39 (2d Cir. 2017) (determining that the plaintiff's belief that using the grievance process would not lead to a favorable outcome was insufficient to defeat the defendants' motion for summary judgment); *Brown v. Napoli*, 687 F. Supp. 2d 295, 297 (W.D.N.Y. 2009) ("[P]laintiff's mere allegation of a generalized fear of retaliation is insufficient to excuse his failure to file a grievance concerning these matters."). Indeed, plaintiff's claim that the grievance procedure was "unavailable" to him is particularly unavailing here, where it is clear that plaintiff was actively utilizing the grievance process during the relevant period, and his failure to exhaust is due to his premature filing of a civil complaint. Accordingly, the defendants' motion for summary judgment should be granted, based on plaintiff's clear failure to exhaust his administrative remedies.

The Second Circuit has "recognized that failure to exhaust administrative

---

[6] Pursuant to DOCCS regulations, "the commissioner or his designee shall issue a decision within 60 days of receipt of the appeal [of any superintendent's hearing]." 7 NYCRR § 254.8. In this case, plaintiff's appeals to the Commissioner were received on April 7 and April 13, 2022. (Mitchell Decl. Ex. 1 at CM/ECF p. 4; Ex. 2 at CM/ECF p. 4). Accordingly, the May 2022 decisions were rendered well within the deadline imposed by the regulations.

remedies is usually a 'curable, procedural flaw' that can be fixed by exhausting those remedies and then reinstituting the suit." *Neal v. Goord*, 267 at 123 (quoting *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999)), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002). Thus, where a claim is dismissed for failure to exhaust administrative remedies, dismissal without prejudice is appropriate if the time permitted for pursuing administrative remedies has not expired. *Berry v. Kerik*, 366 F.3d 85, 86-87 (2d Cir. 2004); *see, e.g., Pettus v. McCoy*, No. 04-CV-0471(TJM), 2006 WL 2639369, at *1-2 (N.D.N.Y. Sept. 13, 2006) (dismissing complaint without prejudice for failure to exhaust). However, if a prisoner has failed to exhaust available administrative remedies and the time in which to exhaust has expired, it is proper for the court to dismiss the complaint with prejudice because any attempt to exhaust would be futile. *Berry*, 366 F.3d at 86; *see, e.g., Hilbert v. Fischer*, No. 12-CV-3843, 2013 WL 4774731, at *7 (S.D.N.Y. Sept. 5, 2013) (collecting cases).

Based on the DOCCS records submitted by the defendants, it appears that plaintiff has since exhausted his administrative remedies with respect to the claims arising from (1) injuries he allegedly sustained on March 20, 2022 when correctional officers "slammed" his forearm in a tray slot and "rammed" his left thumb with a cell shield, as set forth in grievance No. CL-0236-22; (2) threats allegedly made against him by a sergeant while being escorted to the medical unit on March 23, 2022, as set forth in grievance No. CL-0268-22; and (3) plaintiff's appeals from his March 31, 2022 and April 1, 2022 Superintendent's hearings. (Seguin Aff. Ex. B; Mitchell Aff. Exs. 1, 2). Accordingly, the motion for summary judgment should be granted without prejudice to

plaintiff re-filing another action as to these claims.

With respect to the remainder of the claims asserted against the moving defendants, the time in which plaintiff had to exhaust his remaining First and Eighth Amendment claims has expired.[7]  As a result, I recommend that plaintiff's complaint be dismissed with prejudice as to these claims.  *See Livingston v. Hoffnagle*, No. 17-CV-1158 (MAD/DEP), 2019 WL 409366, at *7 (N.D.N.Y. Feb. 1, 2019) (dismissing without leave to amend, where the exhaustion error would not be cured by permitting the plaintiff leave to amend).

### IV.   Additional Grounds for Dismissal

As noted above, the defendants also move to dismiss plaintiff's complaint as against Kinter, Lashway, Holland, Liberty, McIntosh, LeClair, Rogers and DeCoteau for failure to state a claim upon which relief can be granted.  (Def. MOL at 11). Specifically, defendants seek dismissal of the Eighth Amendment conditions of confinement claims asserted against these correctional officers.  Because the court has already concluded that plaintiff failed to exhaust these conditions of confinement claims,[8] and is recommending that they be dismissed with prejudice on that basis, I

---

[7]"Ordinarily, an inmate must first submit 'a complaint,' or grievance, to the facility's IGP clerk within twenty-one days of the alleged occurrence giving rise to his complaint.  7 N.Y.C.R.R. § 701.5(a).  Relief from the twenty-one day time limit may be granted by the IGP supervisor based upon mitigating circumstances, provided, however, that '[a]n exception to the time limit may not be granted if the request was made more than 45 days after an alleged occurrence.'" *Nelson v. Plumley*, No. 9:12-CV-422 (TJM/DEP), 2015 WL 4326762, at *2 (N.D.N.Y. July 14, 2015) (citing N.Y.C.R.R. § 701.6(g)(1)(i)(a)).

[8]The conditions of confinement claims at issue concern conduct by some of the moving defendants that bear no relation to, and are not alleged to have occurred on the same date as, those claims raised in grievance Nos. CL-0236-22 and CL-0268-22.  (*See generally* Compl.; Seguin Aff. Ex. B; Mitchell Aff. Exs. 1, 2; Def. MOL at 12-13).

13

need not reach the defendants' additional arguments seeking dismissal.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that the defendants' motion for summary judgment (Dkt. No. 20) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY** as against defendants **MCINTOSH, WEBB, LECLAIR, LIBERTY, RODIER, CORROW, LASHWAY, HOLLAND, KINTER, WILSON, WHITEHURST, ROGERS** and **DECOTEAU**, based on plaintiff's failure to exhaust his administrative remedies.[9]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: March 31, 2023

*Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge

---

[9] As more thoroughly set forth in the above recommendation, the complaint should be dismissed against these defendants with prejudice, with the exception of those claims raised in the grievances that plaintiff has since fully exhausted, i.e. grievance Nos. CL-0236-22 and CL-0268-22.