**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AKO K. BURRELL,

                                Plaintiff,

        v.                                                                  No. 9:22-CV-344
                                                                                (GTS/PJE)

J. LAVALLEY, *et al*.,

                             Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Ako K. Burrell | |
| 19070 | |
| Oneida County Correctional Facility | |
| 6075 Judd Road | |
| Oriskany, New York 13424 | |
| Plaintiff pro se | |
| | |
| NYS Office of the Attorney General | CHI-HSIN E. ENGELHART, ESQ. |
| State Capitol | Assistant Attorney General |
| Albany, New York 12224 | |
| Attorney for defendants | |

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### DECISION AND ORDER

Plaintiff Ako K. Burrell moves this Court, pursuant to Rules 34(b) and 37(a) of the Federal Rules of Civil Procedure, for an order compelling Defendants to produce documents previously requested for inspection and copying. *See* Dkt. No. 117. Defendants oppose the motion. *See* Dkt. No. 144. For the reasons discussed below, Plaintiff's motion is denied.

              I.      **FACTS AND PROCEDURAL HISTORY**

The Court assumes the parties' familiarity with the facts of this matter.  Plaintiff's first motion to compel production in response to his July 23, 2024, demand was filed on October 6, 2025.  *See* Dkt. No. 114.  Plaintiff's motion is generally based on Defendant's failure to respond to Plaintiff's demands. *See generally* Dkt. No. 114.  On the same day, the Court set a conference to discuss Plaintiff's motion. *See* Dkt. Nos. 113, 115.  Before the scheduled hearing, in response to Plaintiff's motion, Defendants filed a letter response stating that the demands Plaintiff referenced in his motion were "co-mingled with discovery demands that Plaintiff served on other litigation brought by Plaintiff and being handled by [the Office of the Attorney General]."  Dkt. No. 116 at 1.  As relevant here, attached to Defendants' response is  a copy of Defendants' response to the Plaintiff's demand to produce documents, which was the subject of Plaintiff's first motion to compel.  *See* Dkt. No. 116-2.

Before the October 17, 2025, conference, Plaintiff filed a second motion to compel, based on the sufficiency of Defendants' response to the July 23, 2024, demands. *See* Dkt. No. 117.   At the October 17, 2025, conference, the Court addressed the earlier motion to compel, dkt. no. 114, deemed it moot, and denied it based on Defendants' responses which are attached as Exhibit 2 to their response to Plaintiff's first motion to compel.  *See* Dkt. No. 116-2. The pending discovery issues were also discussed and narrowed. *See* Text Minute Entry dated Oct. 17, 2025.  The Court reserved on the pending motion to compel, dkt. no. 117, pending further review and response by Defendants to the narrowed discovery issues discussed during the conference. *See id.*  Following the conference, Defendants served Plaintiff with

supplemental disclosures on November 5, 2025, November 14, 2025, and March 4, 2025. *See* Dkt. No. 144 at 1 (Attorney Declaration of Chi-Hsin Esther Engelhart, Esq.).

The Court held a status conference on March 11, 2026. *See* Text Min. Entry dated Mar. 11, 2026. The parties discussed outstanding discovery issues, and the Court ordered the production of documents for *in camera* review. *See id.* A follow-up conference was scheduled and took place on April 1, 2026. *See id.* Despite three conferences – October 17, 2025; March 11, 2025; April 1, 2026 – , and five Court-ordered status reports – dkt. nos. 118, 121, 129, 135, 138 – the discovery issues raised in the Plaintiff's motion to compel remained unresolved. The Court ordered a response to Plaintiff's motion, and on April 15, 2026, Defendants filed their response. *See* Dkt. No. 144. Generally, Defendants oppose Plaintiff's motion, contending that they have satisfied their discovery obligations. *See id.* Defendants further claim that Plaintiff's RFPs 2, 3, 5, 7, and 10 seek documents not within Defendants' control. *See id.* at 5. Finally, they attest that Plaintiff's RFPs are overly broad, unduly burdensome, and unnecessarily vague. *See id.*

## II.    DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). Rule 26 directs the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

"Motions to compel made pursuant to Fed. R. Civ. P. 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV- 11681, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). When a party fails to participate in or otherwise cooperate with discovery, the opposing party may seek an order compelling discovery. *See* FED. R. CIV. P. 37.

### B.    Defendants Have Complied With Their Discovery Obligations

During this litigation, in response to the Plaintiff's demand, Defendants provided Plaintiff:

> [M]ental health treatment records for the entire month of March of 2022, as well as Plaintiff's medication records spanning over a year on November 5, 2025, *see* Engelhart Decl. Ex. D; the REMS spreadsheet for Plaintiff on November 14, 2025; *see* Engelhart Decl. Ex. E; as well as logbook pages and several policies in the CNYPC manual on March 4, 2026, *see* Engelhart Decl. Ex. F. During a conference on March 11, 2026, and a subsequent status report on March 23, 2026, Defendants confirmed that there were no outpatient incident forms, RCTP monitoring sheets, or other notes, recordings, or transcripts outside of the treatment records previously provided. *See* Engelhart Decl. Ex. G.

Dkt. No. 144 at 6, 7.  The Court has reviewed Plaintiff's RFPs, dkt. no. 144-2, and all of the Defendants' responses and supplemental responses, dkt. nos. 144-3, 144-4, 144-5, 144-6, 144-7, and status reports, dkt. Nos. 118 , 121, 129, 135, 138, and has conducted an *in camera* review of the documents provided to the Court. *See* Dkt. No. 138 at 1. The Court has also credited the April 14, 2026, declaration of Alexander Shapiro, Esq.,

4

Associate Counsel with the New York State Office of Mental Health.  *See* Dkt. No. 144-9.  It is clear to the Court on the totality of the record before it, that Defendants have satisfied their discovery obligations in this litigation.  As Attorney Shapiro declares, "A diligent search of OMH records revealed no additional records other than those contained in Plaintiff's clinical file that was previously produced."  *Id.* at 3.

Additionally, for the reasons set forth in Defendants' response, the Court agrees that Plaintiff's demands are "overly broad, unduly burdensome, and unnecessarily vague."  *See* Dkt. No. 144 at 5, 6.  Further, they appear, to a significant extent, to be outside of the parties' custody and control in this litigation. *See* Dkt. No. 144-9 at 2, ¶4. Despite these objections, pursuant to the Court's instruction, Defendants supplemented their responses on multiple occasions. *See* Dkt. No. 144 at 6.

As to the timeliness of Defendants' response to Plaintiff's RFPs, the Court has broad discretion over discovery matters, including to excuse the timeliness of the response for good cause. *See Osdoby v. Handi-Foil Corp*., No. 22-CV-4199 (NG)(JMW), 2023 WL 3306967, at *2 (E.D.N.Y. May 7, 2023).  The Court excuses Defendants' initial delay in responding to Plaintiff's July 23, 2024, RFPs.  The Court agrees that Plaintiff's demands were "co-mingled with discovery demands that Plaintiff served on other litigation brought by Plaintiff and being handled by [the Office of the Attorney General]." Dkt. No. 116 at 1.  Further, the delay here is minimal, and, as the Attorney General asserts, was "pursuant to an extension of discovery due to the transition between assigned counsel, and because Defendants have produced the requested documents such that Plaintiff is not prejudiced, good cause exists to excuse the delay in Defendants' response." Dkt. No. 144 at 6.

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth above, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel Discovery (Dkt. No 117) is **DENIED**, and it is further

**ORDERED**, that discovery is now closed, and it is further

**ORDERED**, that dispositive motions, if any, shall be filed on or before June 1, 2026, and it is further

**ORDERED**, that the Clerk provide Plaintiff with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curium).

**IT IS SO ORDERED.**

Dated: April 20, 2026
      Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge